**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**AUG 29 2002**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

ALBERT POAREO,

       Plaintiff - Appellant,

v.

GARY JOHNSON, Governor, State of
New Mexico; and ROBERT PERRY,
Secretary of Corrections,

       Defendants - Appellees.

No. 02-2136

(D.C. No. CIV-02-141-BB/LCS)

(D. New Mexico)

**ORDER AND JUDGMENT**[*]

Before **KELLY**, **McKAY**, and **MURPHY**, Circuit Judges.

After examining the briefs and the appellate record, this panel has

determined unanimously that oral argument would not materially assist the

determination of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).

The case is therefore ordered submitted without oral argument.

This is a pro se state prisoner § 1983 civil rights appeal claiming that

certain New Mexico statutes are unconstitutional and that certain programs and

---

[*]This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

actions of the New Mexico Corrections Department constitute Eighth Amendment violations. Mr. Poareo sought equitable relief and nominal damages. The district court dismissed the complaint without prejudice for failure to exhaust administrative remedies. Mr. Poareo appeals to this court.

We agree with the district court that Appellant "may not prosecute his claims in this Court unless and until he exhausts administrative remedies." Order at 2. After a thorough review of the brief and the record and for substantially the same reasons set forth in the district court's well-reasoned April 22, 2002, Order, we hold that no relief is available to Mr. Poareo pursuant to § 1983.

The decision of the district court is **AFFIRMED**. We remind Appellant that because his motion to proceed without prepayment of the appellate filing fee was granted, he must continue making partial payments on court fees and costs previously assessed until such have been paid in full.

Entered for the Court


Monroe G. McKay
Circuit Judge